UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARKEL BABAEV, ZINA BELLA BABAEV,
DIANA ABRAMSHEV, and DANIELLA
ABRAMSHEV,

                Plaintiffs,

-against-

GUS MICHAEL FARINELLA, JUDGE CARLA
E. CRAIG, JOSH S. PEREIRA, ESQ., and
CAMILE T. ALLEN,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM & ORDER
17-CV-873 (CBA) (LB)

**AMON, United States District Judge:**

On February 14, 2017, plaintiffs, proceeding pro se, commenced the instant action alleging violations of their constitutional rights stemming from a bankruptcy action. The Court grants plaintiffs' request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

Plaintiffs Markel Babaev ("Markel"), Zina Bella Babaev, Diana Abramshev, and Daniella Abramshev bring this action pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Plaintiffs allege their constitutional rights were violated during the course of plaintiff Markel's bankruptcy proceedings.[1] Plaintiffs have named the following individuals as defendants: the Honorable Carla E. Craig, Chief Judge of the United States Bankruptcy Court for the Eastern District of New York; John S. Pereria, Esq., who was a trustee in Markel's bankruptcy action; Camile [sic] T. Allen ("Allen"), Markel's attorney in the

---

[1] On May 20, 2003, Markel filed a proceeding pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. See In re Babaev, No. 1-03-16559 (CEC) (Bankr. E.D.N.Y.), D.E. # 1. The case was closed on January 25, 2010. Id., D.E. # 104. On February 29, 2016, Markel filed a motion to reopen the action and "to Recover Everything that was Stolen by Trustee." Id., D.E. # 106. Markel's motion was denied on March 22, 2016. Id., D.E. dated Mar. 22, 2016.

1

bankruptcy proceeding; and Gus Farinella ("Farinella"), an attorney whose relationship to the plaintiffs is unclear.

Although not a model of clarity, the complaint alleges that Markel was given improper advice by Allen and as a result, he and his family lost their home and property. (D.E. # 1 ("Compl.") at 4, 7.) Plaintiffs accuse defendants of stealing their house, jewelry, and furniture. (Id. at 4, 7, 9.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it: (1) "is frivolous or malicious," (2) "fails to state a claim upon which relief may be granted," or (3) "seeks monetary relief from a defendant who is immune from such relief." Leave to amend must be granted if a liberal reading of the pleading "gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citations omitted).

At the pleading stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). All allegations contained in the complaint are assumed to be true, but this tenet is "inapplicable to legal conclusions." Id. Although pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations

2

to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006).

## DISCUSSION

### I. Plaintiffs' Claims Against Defendant Attorneys

To state a claim pursuant to Section 1983, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 14 F.3d 545, 547 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). The Supreme Court has held that "the under-color-of-state-law element of [Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yarektsky, 457 U.S. 991, 1002 (1982)).

Plaintiffs allege that Allen advised Markel to file for bankruptcy protection, and that as a result of Allen's advice, plaintiffs have lost all of their assets. (Compl. at 4, 7.) Plaintiffs' allegations against Farinella are sparse: they simply allege that Farinella acted against their interests. (Id. at 4.) It is well-settled that private attorneys—even if the attorney was court appointed—do not act under color of state law and are not state actors for purposes of § 1983. Rodriguez v. Weprin, 116 F.3d 62, 65–66 (2d Cir. 1997); Licari v. Voog, 374 F. App'x 230, 231 (2d Cir. 2010). Here, defendants Allen and Farinella are private individuals whose conduct cannot be fairly attributed to the State. Thus, plaintiffs have failed to state a plausible claim for relief

3

under § 1983 against defendants Allen and Farinella, and the claims against these defendants are dismissed. See 28 U.S.C. § 1915(e)(2)(B).

## II. Plaintiffs' Claims Against Chief Judge Craig and Trustee Pereiera

In Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), the Supreme Court recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66–67 (2001) (discussing the origins of Bivens claims). Bivens actions, although not precisely parallel, are the federal analog to Section 1983 actions against state actors.

It is well-settled that judges have absolute immunity for their judicial acts performed in their judicial capacities. See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991); Peia v. United States Bankr. Court, 62 F. App'x 394, 396 (2d Cir. 2003) (the doctrine of judicial immunity barred claims against bankruptcy judge). This absolute judicial immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11 (quoting Stump v. Sparkman, 435 U.S. 349, 362 (1978)).

Plaintiffs' claims against Chief Judge Craig arise from her role as the Bankruptcy Judge assigned to Markel's Chapter 7 proceeding. It is clear that plaintiffs are unhappy about the outcome of the proceeding. However, plaintiffs' claims against Chief Judge Craig seeking monetary damages relating to actions taken in her judicial capacity during the course of the bankruptcy proceeding are barred by the doctrine of judicial immunity. Plaintiffs fail to allege any factual allegations to show that Chief Judge Craig acted outside of her role as a judicial officer. See Jackson v. Cty. of Nassau, No. 15-CV-7218 (SJF) (AKT), 2016 WL 1452394, at *6 (E.D.N.Y. Apr. 13, 2016) (conclusory allegations are insufficient to overcome judicial immunity).

Finally, plaintiffs' claims against Trustee Pereria are likewise barred. "[A] trustee will enjoy absolute immunity so long as he does not act in the clear absence of all jurisdiction, or at least acts under the supervision of the bankruptcy judge." Gonzalez v. Musso, No. 08-CV-3026 (NGG), 2008 WL 3194179, at *2 (E.D.N.Y. Aug. 6, 2008) (quoting Reisner v. Stoller, 51 F. Supp. 2d 430, 446 (S.D.N.Y. 1999)). Here, plaintiffs fail to allege any facts to show that the actions of Trustee Pereira in liquidating and selling plaintiffs' assets was completed in the absence of jurisdiction, or without the supervision and authority of the presiding bankruptcy judge.

## CONCLUSION

For the reasons stated above, plaintiffs' complaint is dismissed for failure to state a claim on which relief may be granted. The Court finds that amendment of the complaint would be futile, so the Court need not grant leave to amend. See Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014). The Clerk of Court is directed to close the case and to enter judgment accordingly. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: May  19 , 2017
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

5